**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JESSIE R. JONES, et al.,

               Plaintiffs,

v.                                          CIVIL ACTION NO.  2:26-cv-00083

USAA INSURANCE AGENCY, INC.,

               Defendant.

**ORDER**

Pending is the parties' Joint Motion to Bifurcate and Stipulation to Stay Discovery Related to Bad Faith Claim. [ECF No. 8]. For the reasons that follow, the motion is **DENIED.**

**I.      BACKGROUND**

This action arises from an insurance coverage dispute concerning alleged damage to Plaintiffs' property and Defendant's denial of coverage under a homeowner's insurance policy. [ECF No. 8, at 1–2]. Plaintiffs own real property located at 330 Limestone Road in Charleston, West Virginia, which includes a retaining wall that was in good condition prior to the events at issue. [ECF No. 1-1, ¶¶ 6–7]. On January 9, 2024, a windstorm allegedly caused a portion of the retaining wall to collapse, resulting in significant damage. *Id.* ¶ 10. At the time, Plaintiffs maintained a homeowner's insurance policy issued by Defendant that was in full force and effect, and Plaintiffs allege they satisfied all policy obligations, including the payment of premiums. *Id.* ¶¶ 8–10. Plaintiffs submitted a claim seeking coverage for the damage, which Defendant denied on the basis of an "act of God" exclusion in the policy. *Id.* ¶¶ 11–12. Plaintiffs contend the loss is

covered and that the denial was improper, resulting in substantial out-of-pocket costs to repair or replace the damaged retaining wall. *Id.* ¶¶ 13–14. Plaintiffs assert claims for breach of contract and declaratory judgment ("coverage claims"), as well as claims for common law bad faith and violations of the West Virginia Unfair Trade Practices Act ("UTPA") (together, "bad faith claims"). [ECF No. 8, at 2].

## II.    ANALYSIS

The parties seek two separate forms of relief. First, the parties jointly seek bifurcation of trial on the asserted basis that Plaintiffs' coverage claims should proceed separately from Plaintiffs' bad faith claims. Second, though presented as a stipulation, the parties seek a stay of discovery related to the bad faith claims until the coverage claims have been resolved. I address each issue in turn.

### A.  Bifurcation for Trial

In pertinent part, Federal Rule of Civil Procedure 42 provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

"[T]he granting of separate trials is within the sound discretion of the trial judge." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953). "To determine whether bifurcation . . . is appropriate, the court 'must perform a two-step analysis: first, [the court] must determine whether separate trials would either avoid prejudice or promote judicial economy; and second, [the court] must determine whether bifurcation would unfairly prejudice the non-moving party.'" *GMC Real Est.,*

*LLC v. AmGUARD Ins. Co.*, No. 2:21-CV-00151, 2023 WL 5154528, at *1 (S.D. W. Va. Aug. 10, 2023) (Goodwin, J.) (quoting *Deitz v. Patton*, No. 2:15-cv-08257, 2017 WL 82477, at *1 (S.D. W. Va. Jan. 9, 2017)).

Here, the parties contend bifurcation will "avoid prejudice and promote judicial economy by making it easier to establish what attorney's fees are recoverable if Plaintiffs succeed on their insurance coverage claims." [ECF No. 8, at 3]. That rationale is insufficient to support bifurcation under Rule 42(b). Fee allocation issues are common in insurance litigation and, without more, do not constitute the type of prejudice or inefficiency warranting separate trials.

The parties further assert that bifurcation would "promote judicial economy because the success of Plaintiffs' claims for common law bad faith and violations of the UTPA greatly depend on Plaintiffs' success for claims for breach of the insurance contract and declaratory judgment." [ECF No. 8, at 3]. Even assuming that is correct, the parties do not explain how that asserted relationship justifies bifurcation on judicial economy grounds. "Nearly every case that comes before the [c]ourt has a threshold issue that upon resolution in one or the other parties' favor might obviate other claims." *Sheppard v. Dir. Gen. Ins. Co.*, No. 3:16-cv-11418, 2017 WL 11249431, at *2 (S.D. W. Va. June 19, 2017) (Chambers, J.); *see also Snodgrass v. Hartford Underwriters Ins. Co.*, 2026 WL 36450, at *2–*3 (S.D. W. Va. Jan. 6, 2026) (Johnston, J.). If that consideration were dispositive, bifurcation would be required in virtually every first-party insurance case whenever a coverage ruling might moot other claims. But both the West Virginia Supreme Court of Appeals and at least one court in this district have rejected any rule mandating bifurcation in such actions. *See Light v. Allstate Ins. Co.*, 506 S.E.2d 64, 72 (W. Va. 1998); *see also Lycans v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:24-CV-00707, 2025 WL 2609565 at *3 (S.D. W. Va. Sept. 9, 2025)

(Johnston, J.).

In fact, resolution of the breach of contract claim would not necessarily dispose of Plaintiffs' UTPA claim. Under West Virginia law, a plaintiff must establish coverage to pursue common law bad faith, but no such predicate finding is required for statutory bad faith under the UTPA. *See Cava v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 753 S.E.2d 1, 9 n.6 (W. Va. 2013); *McCormick v. Allstate Ins. Co.*, 475 S.E.2d 507, 514–15 (W. Va. 1996). Thus, even if coverage is not established, the UTPA claim may proceed, meaning bifurcation could result in separate proceedings in any event. I fail to see how judicial economy would be served by holding two trials on claims that could be resolved with one.

This case is not complex. It presents a routine first-party insurance dispute involving straightforward factual and legal issues and does not suggest the need for extensive or burdensome discovery. The likely pool of witnesses is limited, and the relevant documents should be relatively modest in scope and readily accessible. There is a real chance that bifurcation would likely result in overlapping discovery, requiring the parties to revisit the same witnesses, documents, and issues across multiple phases of the case.

On balance, bifurcation is more likely to increase costs, prolong litigation, and create duplicative discovery. Although the parties jointly request bifurcation, Rule 42(b) requires that I make an independent determination that bifurcation is warranted. In the absence of a non-moving party, I have no basis to assess unfair prejudice to one. However, I do still consider whether bifurcation would work a practical prejudice, particularly through delay. Here, bifurcation risks delaying resolution of Plaintiffs' claims and any potential recovery.

This case is still in its early stages, with discovery ongoing. Courts have found it premature

4

to move for bifurcation of bad faith insurance claims before the close of discovery. *See, e.g., Wilkinson v. Mut. of Omaha Ins. Co.*, No. 2:13-cv-09356, 2014 WL 880876, at *2 (S.D. W. Va. Mar. 6, 2014) (Goodwin, J.) (collecting cases). I see no reason to decide otherwise. On the limited information presented in the motion, I am not persuaded that the requested bifurcation of claims would avoid prejudice or promote judicial economy in any material way. I therefore **DENY without prejudice** the joint motion to bifurcate. The parties may renew this motion at the close of discovery.

### B.  Stay of Discovery on the Bad Faith Claims

The parties further stipulate to stay discovery related to Plaintiffs' bad faith claims until the coverage claims have been resolved. [ECF No. 8, at 3]. Because the court has entered a scheduling order in this matter, [ECF No. 7], and the parties' stipulation would interfere with the time set for completing discovery in that order, court approval is required under Federal Rule of Civil Procedure 29. I am not persuaded that such approval is warranted on the present record.

The parties assert that a stay of discovery on Plaintiffs' bad faith claims will "avoid prejudice and promote judicial economy by making it easier to establish what attorney's fees are recoverable if Plaintiffs succeed on their coverage claims." [ECF No. 8, at 3–4]. As discussed, while I recognize that fee allocation may ultimately be an issue in this case, that consideration, standing alone, does not justify staying an entire category of discovery or modifying the deadlines set forth in the Scheduling Order. The parties have not shown that proceeding with discovery in the ordinary course would be unduly burdensome, pose any privilege concern, or result in specific prejudice. Nor have the parties shown that the existing Scheduling Order cannot accommodate phased or targeted discovery without a complete stay. The coverage claims and bad faith claims

will likely involve overlapping documents and witnesses, such that staying discovery on the bad faith claims could result in multiple depositions of the same individuals. Thus, I find that a stay as to the bad faith claims would not promote judicial economy and could well serve to unnecessarily prolong litigation. Therefore, to the extent the parties seek to stay discovery, the joint motion is **DENIED.**

### III. CONCLUSION

For the foregoing reason, the parties' Joint Motion, [**ECF No. 8**], is **DENIED without prejudice**. Discovery shall proceed in accordance with the Scheduling Order previously entered.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:     April 22, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE